Edward R. Nelson III (Admitted *pro hac vice*)
ed@nbafirm.com
Eric M. Albritton (Admitted *pro hac vice*)
ema@nbafirm.com
Anthony Vecchione (Admitted *pro hac vice*)
anthony@nbafirm.com
Clifford Chad Henson (Admitted *pro hac vice*)
chad@nbafirm.com
**NELSON BUMGARDNER ALBRITTON PC**
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Telephone: 817.377.9111
Facsimile: 817.377.3485

**Attorneys for Plaintiff**
**CLM Analogs, LLC**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| CLM ANALOGS, LLC,<br><br>                    Plaintiff,<br><br>          v.<br><br>JAMES R. GLIDEWELL DENTAL CERAMICS, INC. D/B/A GLIDEWELL LABORATORIES; AND PRISMATIK DENTALCRAFT, INC.,<br><br>                    Defendants. | Case No. 8:18-cv-00311-JLS-SS<br><br><br>**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>**Hearing:**<br>Date:  June 22, 2018<br>Time:  2:30 PM<br>Place:  Courtroom 10A<br>Judge:  Hon. Josephine L. Staton |

**<u>TABLE OF CONTENTS</u>**

**I. INTRODUCTION**

**II. LEGAL STANDARDS**

**III. ARGUMENT**

    **A.  CLM's Allegations are Sufficient Under the Plausibility Standard of *Iqbal/Twombly*.**

        1. CLM's Complaint Exceeds the Plausibility Standard for Patent Infringement Under Recent Federal Circuit Authority.

        2.  The Cases Cited by Glidewell to Suggest Otherwise Are Inapposite.

            *a.*  <u>Glidewell Misapplies Federal Circuit Authority.</u>

            *b.*  <u>Glidewell's Reliance on Distinguishable District Court Cases is Misplaced.</u>

    **B.  Injecting Claim Construction into a Motion to Dismiss Analysis Is Inappropriate.**

        1. *"bottom-end-down"*

        2. *"radially extending anchoring extensions"*

**IV. CONCLUSION**

# TABLE OF AUTHORITIES

## Cases

Page(s)

*Akzo Nobel Coatings, Inc. v. Dow Chem. Co.*,
  811 F.3d 1334 (Fed. Cir. 2016) ………………………………… 6

*Artrip v. Ball Corp.*,
  2018-1277 (Fed. Cir. May 23, 2018) …………………………… 5, 9

*Ashcroft v. Iqbal*,
  556 U.S. 662, 678 (2009) ………………………………………… 2

*Atlas IP, LLC v. Exelon Corp.*,
  189 F. Supp. 3d 768 (N.D. Ill 2016) …………………………… 7-10

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) …………………………………………… 2

*CG Tech. Dev., LLC v. FanDuel, Inc.*,
  No. 2:16-cv-00801, 2016 U.S. Dist. LEXIS 144078 (D. Nev.
  Oct 18, 2016) …………………………………………………… 7-8, 10

*DexCom, Inc. v. AgaMatrix, Inc.*,
  No. cv 16-05947, 2016 U.S. Dist. LEXIS 193464 (C.D. Cal.
  Nov. 28, 2016) ………………………………………………….. 12

*Disc Disease Solutions Inc. v. VGH Solutions, Inc.*,
  2017-1483, 2018 U.S. App. LEXIS 11231 (Fed. Cir. May 1,
  2018) ……………………………………………………………. *passim*

*Disc Disease Solutions Inc. v. VGH Solutions, Inc.*,
  No. 1:15-cv-188, 2016 U.S. Dist. LEXIS 193946 (M.D. Ga.
  Dec. 12, 2016) ………………………………………………….... 4

*Erickson v. Pardus*,
  551 U.S. 89, 93 (2007) ………………………………………… 2

*Ericsson, Inc. v. D-Link Sys., Inc.*,
  773 F.3d 1201 (Fed. Cir. 2014) ………………………………… 5-6

*Gibson v. City of Chi.*,
  910 F.2d 1510, 1520 (7th Cir. 1990) …………………………… 2

*Jang v. Boston Sci. Corp.*,
  872 F.3d 1275 (Fed. Cir. 2017) ………………………………… 6

*Joimax, Inc. v. Surgical Orthopedic Implants, Inc.*,
  No. 8:17-cv-00979-JLS-JDE, 2017 U.S. Dist. LEXIS 184710
  (C.D. Cal. Nov. 7, 2017) ……………………………………….... 4-5

*K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*,
  714 F.3d 1277 (Fed. Cir. 2013) ……………………………….... 4, 7-8

*MacNeill Eng'g Co. v. Trisport, Ltd.*,
    126 F. Supp. 2d 51 (D. Mass. 2001) ……………………………… 12

*McZeal v. Sprint Nextel Corp.*,
    501 F.3d 1354 (Fed. Cir. 2007) …………………………………… 7-8

*Midwest Indus., Inc. v. Karavan Trailers, Inc.*,
    175 F.3d 1356 (Fed. Cir. 1999) …………………………………… 8

*Nalco Co. v. Chem-Mod, LLC*,
    883 F. 3d 1337 (Fed. Cir. 2018) ………………………………… *passim*

*Novitaz, Inc. v. inMarket Media, LLC*,
    No. 16-cv-06795, 2017 U.S. Dist. LEXIS 81491 (N.D. Cal. May
    26, 2017) …………………………………………………………... 7, 9-10

*O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*,
    467 F.3d 1355 (Fed. Cir. 2006) …………………………………… 8-9

*Ottah v. Fiat Chrysler*,
    884 F.3d 1135 (Fed. Cir. 2018) …………………………………… 6

*R+L Carriers, Inc. v. DriverTech LLC (In re Bill of Lading
Transmission and Processing Sys. Patent Litig.)*,
    681 F.3d 1323 (Fed. Cir. 2012) …………………………………… *passim*

*Skinner v. Switzer*,
    562 U.S. 521 (2011) ……………………………………………….. 2, 4

*Starr v. Baca*,
    652 F.3d 1202, 1216 (9th Cir. 2011) …………………………….. 13

*Sulzer Textil A.G. v. Picanol N.V.*,
    358 F.3d 1356 (Fed. Cir. 2004) …………………………………… 8

*TeleSign Corp. v. Twilio, Inc.*,
    No. CV 16-2106 PSG, 2016 WL 4703873 (C.D. Cal. Aug. 3,
    2016) ……………………………………………………………….. 10-11

**Rules**

Fed. R. Civ. P. 8(a) ………………………………………………... 2, 8

Fed. R. Civ. P. 12(b)(6) ………………………………………….… 2, 4-5

1

## I.    INTRODUCTION

2      Defendants'[1] motion is based on a faulty premise.  Defendants conflate the

3  requirements of successfully ***proving*** versus ***pleading*** a case.  The Federal Circuit

4  recently reiterated that "[a plaintiff] need ***not*** prove its case at the pleading stage,"

5  and is unequivocally "***not*** require[d] … to plead facts establishing that each element

6  of an asserted claim is met.'"  *Nalco Co. v. Chem-Mod, LLC*, 883 F. 3d 1337, 1350

7  (Fed. Cir. 2018) (quoting *R+L Carriers, Inc. v. DriverTech LLC (In re Bill of Lading*

8  *Transmission and Processing Sys. Patent Litig.)*, 681 F.3d 1323, 1335, 1339 (Fed.

9  Cir. 2012)) (hereinafter, "*In re Bill of Lading*") (emphasis added).

10      Despite this clear guidance, Defendants seek to, at the pleading stage, require

11  the Court to construe the terms of the patent-in-suit and CLM Analogs, LLC

12  ("CLM") to present its evidence of infringement.  For example, Defendants complain

13  that CLM's complaint is deficient because it does not contain an element-by-element

14  infringement analysis pertaining to each of the identified products.  *See, e.g.,* Defs.'

15  Mot. (ECF 33) at 1.  However, CLM is not required to *prove* its case at the pleading

16  stage.

17      Further, Defendants' motion ignores the *Markman* process and improperly

18  raises claim construction arguments in a Rule 12 motion, relying on their own self-

19  serving constructions of various claim elements.  While claim construction is an issue

20  of law, it is not the type of legal question that should normally be resolved on the

21  pleadings without the due consideration given in the *Markman* process.  *See Nalco*,

22  883 F. 3d at 1350.

23      At the pleading stage, CLM is merely required to allege facts that, when taken

24  as true, and drawing all reasonable inferences in CLM's favor, allow for the plausible

25  inference that Defendants have, and continue to, infringe the patent-in-suit.  CLM

26

27      [1] All references to "Defendants" or "Glidewell" refers to Defendants James R.

28  Glidewell Dental Ceramics, Inc. d/b/a Glidewell Laboratories and Prismatik Dentalcraft, Inc.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

has met this burden.  For the reasons stated herein, Defendants' motion should be denied.

## II.    LEGAL STANDARDS

"Federal Rule of Civil Procedure 8(a)(2) 'generally requires only a plausible 'short and plain' statement of the plaintiff's claim,' showing that the plaintiff is entitled to relief." *Nalco*, 883 F. 3d at 1346 (quoting *Skinner v. Switzer*, 562 U.S. 521 (2011)).  "To survive a motion to dismiss under Rule 12(b)(6), a complaint must 'contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.''" *Id*. at 1347 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007))).  "This plausibility standard is met when 'the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, 2017-1483, 2018 U.S. App. LEXIS 11231, at *7 (Fed. Cir. May 1, 2018) (quoting *Iqbal*, 556 U.S. at 678).

"'Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the … claim is and the ground upon which it rests.''" *Id*. (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (alteration in original) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555).  "The 'purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits.'" *Nalco*, 883 F.3d at 1350 (quoting *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990)).  Finally, arguments regarding the appropriate claim construction for a claim element constitute a dispute that is not suitable for resolution on a motion to dismiss. *See Nalco*, 883 F. 3d at 1349.

### III.   ARGUMENT

**A.    CLM's Allegations are Sufficient Under the Plausibility Standard of *Iqbal/Twombly*.**

> **1.    CLM's Complaint Exceeds the Plausibility Standard for Patent Infringement Under Recent Federal Circuit Authority.**

Recently, in reversing a district court's dismissal under 12(b)(6), the Federal Circuit reiterated that patent infringement plaintiffs are "***not*** require[d] … to plead facts establishing that each element of an asserted claim is met.'" *Nalco*, 883 F. 3d at 1350 (quoting *In re Bill of Lading*, 681 F.3d at 1335). More recently, in *Disc Disease Solutions Inc. v. VGH Solutions, Inc.* (hereinafter, "*DDS*"), the Federal Circuit held that the disclosures and allegations made by the plaintiff – namely, where "the complaint specifically identified the […] accused products - by name and by attaching photos of the product packaging as exhibits - and alleged that the accused products meet 'each and every element of at least one claim of the [asserted] Patent, either literally or equivalently'" – were sufficient to provide fair notice of infringement of the asserted patents. 2018 U.S. App. LEXIS 11231, at *8.

The present matter is not only similar to *DDS*, but the facts before the Court here even more ***clearly*** favor denial of the motion. As in *DDS,* the technology in the present case is straightforward. *Id.* This suit involves a single patent and a single independent claim, to *DDS*'s two patents and four claims. *See id.* And CLM not only identified the products at issue by name, but included model numbers as well as citations to Defendants' ***own*** product catalogs, replete with further details.[2] For example, paragraph 15 of CLM's Complaint states, in pertinent part, that "Glidewell performs the steps […] as claimed in claim 5." ECF 1 at ¶15.[3] This, in conjunction

---

[2] Defendants reproduced these materials at ECF 33, pp. 8 and 16.

[3] The previous paragraph also noted that this infringement occurs either "directly and/or indirectly." ECF 1 at ¶14. The allegations in paragraphs 14 and 15 are directed to Defendant Glidewell Laboratories. *Id*. at ¶14 and ¶15. Those of paragraph 17 are directed to Prismatik Dentalcraft, Inc. *Id*. at ¶17 ("Prismatik has infringed … directly and/or indirectly, by performing one or more steps of the

1
2

with specifically identifying the accused products, meets the plausibility standard, as illustrated by *DDS*. *See DDS*, 2018 U.S. App. LEXIS 11231, at *8.

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

Contrary to Glidewell's beliefs, CLM is "not required to provide evidentiary support for its claims at this stage of the proceedings." *Nalco*, 883 F.3d at 1350. This is because CLM "need not '**prove** its case at the pleadings stage.'" *See id*. (quoting *In re Bill of Lading*, 681 F.3d at 1339 (quoting *Skinner*, 562 U.S. at 529-30)) (emphasis added). "The complaint must place the 'potential infringer … on notice of what activity … is being accused of infringement." *Id*. (quoting *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013). CLM has plainly done this. In fact, if there were any lingering doubts as to whether Glidewell **had** been put on notice, they should be put to rest by the eight pages of "element-by-element," claim construction, and non-infringement arguments that, in addition to being inappropriate at the present stage, clearly betray Glidewell has sufficient understanding of what is being alleged. ECF 33, at 10-17. As such, CLM's pleading "clearly exceeds the minimum requirements under Rule 12(b)(6), especially as 'the Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met.'" *Nalco*, 883 F.3d at 1350 (quoting *In re Bill of Lading*, 681 F.3d at 1335).

19
20
21
22
23
24
25
26
27

*DDS* makes it clear that even "'merely alleg[ing] that certain of Defendants' products 'meet each and every element of at least one claim' of Plaintiff's patents,'" 2018 U.S. App. LEXIS 11231, at *8 (quoting *Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, No. 1:15-cv-188, 2016 U.S. Dist. LEXIS 193946, at *3 (M.D. Ga. Dec. 12, 2016)), and simply attaching "photographs of the accused products," *id*. at *4, will suffice. And this Court has found similar allegations, albeit in the context of granting an application for a default judgment, to have "adequately alleged patent infringement." *Joimax, Inc. v. Surgical Orthopedic Implants, Inc.*, No. 8:17-cv-

28

methods covered by the '927 patent…," namely claim 5). To be certain, infringement is sufficiently alleged against both defendants.

- 4 -

00979-JLS-JDE, 2017 U.S. Dist. LEXIS 184710, at *7 (C.D. Cal. Nov. 7, 2017) (citing Plaintiff's Complaint (ECF 1) at ¶¶ 11-16, 26, 32-39 ).  In *Joimax*, the plaintiff had asserted that the defendant "has and continues to […] infringe […] each of the [four] Asserted Patents by directly and/or indirectly manufacturing, using, selling, and/or offering for sale the Infringing Reamers, which are covered by at least one claim of each of the Asserted Patents," and had attached photographs of the "Infringing Reamers" as exhibits to the Complaint.  *See Joimax*, No. 8:17-cv-00979-JLS-JDE, ECF 1 at ¶¶ 26, 33 (C.D. Cal. June 7, 2017).  Like the allegations of the plaintiff in *DDS*, and CLM here, the allegations in *Joimax* were sufficient.  The bar at this stage is set to ensure not that plaintiffs ***prove*** infringement, but that they provide ***fair notice*** of the same.  As such, CLM's Complaint meets the plausibility standard and Glidewell's motion should be denied.[4]

## 2.   The Cases Cited by Glidewell to Suggest Otherwise Are Inapposite.

As described herein, the cases relied on by Glidewell in support of its erroneous argument are inapposite.

### a.  Glidewell Misapplies Federal Circuit Authority.

Most egregiously, as mentioned above, Glidewell conflates the requirements of successfully proving patent infringement with properly pleading it.  For example, Glidewell cites the Federal Circuit's binding decision in *Ericsson, Inc. v. D-Link Sys., Inc.*, arguing CLM "must show that the accused device contains ***each and every limitation*** of the asserted claims."  ECF 33 at 10 (quoting 773 F.3d 1201, 1215 (Fed. Cir. 2014)) (emphasis in original).  But the *Ericsson* Court was addressing the issue of "whether the jury had substantial evidence to find that [Defendants] infringed,"

---

[4] If Glidewell wonders what ***fails*** to pass plausibility muster, an even more recent (albeit non-precedential) opinion from the Federal Circuit, citing *DDS*, found a complaint insufficient where the plaintiff merely alleged the patents were infringed by "machines at least at the [defendant's] plant."  *Artrip v. Ball Corp.*, 2018-1277, slip op. at *12 (Fed. Cir. May 23, 2018) ("Unlike the plaintiff in [*DDS*], Mr. Artrip did not fairly identify the accused machines.").

*not* a motion to dismiss pursuant to Rule 12(b)(6).  773 F.3d at 1214.  *Markman* had been conducted, and the jury had heard the case.  *Id*. at 1213-14.

The only other Federal Circuit authority cited by Glidewell on this issue is clearly distinguishable.  In *Ottah v. Fiat Chrysler*, the Federal Circuit affirmed a district court's dismissal of a *pro se* plaintiff's patent infringement complaint where the patent, titled *Book Holder*, was being asserted to cover mobile cameras.  *See generally* 884 F.3d 1135 (Fed. Cir. 2018).  The Federal Circuit highlighted that "[t]he district court found that '[t]he [patent] contains no claim that can be plausibly construed to cover a mobile camera device, a mounted camera, or any kind of camera,'" and "the [patent's] single claim does not mention a camera or recite typical functions or components of a camera."  *Id*. at 1141.  To suggest that the facts of the case at issue are analogous would be disingenuous.

The remaining Federal Circuit opinions cited by Glidewell – *Akzo Nobel Coatings, Inc. v. Dow Chem. Co*., 811 F.3d 1334 (Fed. Cir. 2016) and *Jang v. Boston Sci. Corp.*, 872 F.3d 1275 (Fed. Cir. 2017) – are cited in support of its doctrine of equivalents argument, namely that allowing CLM to pursue an equivalence theory would vitiate certain claim elements.  ECF 33 at 14, 16, 17.  But vitiation would only be occurring if the Court had adopted Glidewell's self-serving constructions, which, as explained below, it should not.

> b. *Glidewell's Reliance on Distinguishable District Court Cases[5] is Misplaced.*

The district court cases cited by Glidewell in support of its plausibility standard arguments are also plainly distinguishable.  As a preliminary matter, all of Glidewell's cases were decided prior to the recent Federal Circuit decisions in *DDS* and *Nalco* and are distinguished on these grounds alone.  In addition, as illustrated

---

[5] Conspicuously absent from the Defendants' motion is any citation to authority from the 9th Circuit Court of Appeals on the plausibility standard for patent infringement. The only 9th Circuit cases relied on by Defendants relate to the consideration of documents not attached to the Complaint and the alleged futility of amendment.

below, the pleadings at issue in many of these cases may not have even satisfied the requirements of previously abrogated Form 18.

> ### *Atlas IP, LLC v. Exelon Corp.*

*Atlas IP* is the first of three non-binding opinions cited by Glidewell to support its claim that "a plausible allegation of patent infringement must be based on a plausible allegation that ***every*** element of the patent claim is satisfied." ECF 33 at 11 (citing *Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d 768 (N.D. Ill 2016); *Novitaz, Inc. v. inMarket Media, LLC*, No. 16-cv-06795, 2017 U.S. Dist. LEXIS 81491 (N.D. Cal. May 26, 2017); and *CG Tech. Dev., LLC v. FanDuel, Inc.*, No. 2:16-cv-00801, 2016 U.S. Dist. LEXIS 144078 (D. Nev. Oct 18, 2016)) (emphasis added). These cases do not support Glidewell's position.

*Atlas IP* merely states that "factual allegations that do not ***permit a court to infer*** that the accused product infringes each element of at least one claim are not suggestive of infringement." 189 F. Supp. 3d at 775 (emphasis added). In *Atlas IP*, the plaintiff "impliedly concede[d] that the [alleged products] would not function as [the asserted claim] describe[d]," and "its explanation of how the [alleged products] allegedly practice [particular claim elements] means that they almost certainly do not practice [another required element]." *Id.* at 776. The glaring inconsistencies that made the *Atlas IP* plaintiff's case "a hopeless lawsuit of precisely the sort that the last decade's interpretation of and amendments to the Rules were intended to dispose of quickly and even deter outright," *id.*, are simply not present in CLM's Complaint.

The *Atlas IP* court acknowledged that "the Federal Circuit ha[d] quite recently reiterated that a complaint does ***not*** have to 'describe precisely how each element of the asserted claims are being practiced' or 'even identify which claims it asserts are being infringed.'" *Id.* at 774-75 (citing *In re Bill of Lading*, 681 F.3d at 1335) (emphasis added). The court did spill some ink reasoning that the defendant's objection might still be taken seriously. 189 F. Supp. 3d at 775. But its assumption

that the abrogation of Rule 84 and Form 18 somehow undercut the holdings of cases that held otherwise, such as *K-Tech*, *In re Bill of Lading*, and *McZeal*, *see id.*, was simply incorrect.   We know this because the recent Federal Circuit authority described above relies on such cases.   *See, e.g., Nalco*, 883 F. 3d at 1346, 1350 (citing, as **applicable law**, *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007); *In re Bill of Lading*, 681 F.3d at 1335; and *K-Tech*, 714 F.3d at 1284).[6]

Finally, if Glidewell insists that this Court apply an "element-by-element" requirement at the pleading stage because certain district courts in this Circuit appear to have done so, *see CG Tech.*, 2016 U.S. Dist. LEXIS 144078 at * 10 ("[t]he Supreme Court's interpretation of Rule 8(a) requires plausible allegations as to all elements of a cause of action, and the elements of a cause of action for direct infringement include each limitation of the patent claim at issue."), CLM directs Glidewell to Federal Circuit precedent explaining why Federal Circuit authority is controlling.

For instance, "'a procedural issue that is not itself a substantive patent law issue is nonetheless governed by Federal Circuit law if the issue pertains to patent law, if it bears an essential relationship to matters committed to our exclusive control by statute, or if it clearly implicates the jurisprudential responsibilities of this court in a field within its exclusive jurisdiction.'" *O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006) (quoting *Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356, 1359 (Fed. Cir. 1999) (en banc in relevant part) (internal citations and quotation marks omitted)).   "More recently, [the Federal Circuit has] explained that in matters of procedure [it] 'will apply the law of the regional circuit to which district court appeals normally lie, unless the issue pertains to or is unique to patent law.'"   *Id*. (quoting *Sulzer Textil A.G. v. Picanol N.V.*, 358

---

[6] Notably, *Nalco* is a Federal Circuit appeal from the very district in which *Atlas* was decided.

F.3d 1356, 1363 (Fed. Cir. 2004) (internal quotation marks omitted)).  The issue of whether an "element-by-element" analysis is required at the pleading stage to plausibly allege patent infringement is a substantive patent law issue.  At a minimum, it plainly "pertains to patent law, […] bears an essential relationship to matters committed to [the Federal Circuit's] exclusive control by statute, or […] clearly implicates the jurisprudential responsibilities of the [Federal Circuit] in a field within its exclusive jurisdiction."  *Id*.  Recent opinions clearly suggest that the Federal Circuit agrees.  *See generally, e.g.*, *Nalco*, 883 F. 3d 1337 (Fed. Cir. Feb. 27, 2018); *DDS*, 2018 U.S. App. LEXIS 11231 (Fed. Cir. May 1, 2018), *Artrip*, 2018-1277 (Fed. Cir. May 23, 2018).  Glidewell's reliance on *Atlas IP* is clearly misplaced.

### *Novitaz, Inc. v. inMarket Media, LLC*

The facts of *Novitaz* are even more distinguishable.  There, the plaintiff had not even identified what claims of the patent were at issue, arguing instead that its allegations regarding how the accused products worked were somehow sufficient to plausibly allege that they infringe claims of the asserted patent.  2017 U.S. Dist. LEXIS at *9-10.  The court, not surprisingly, disagreed, namely because while the complaint identified two products and a "general class of 'other applications'" as accused, it made only made factual allegations about one of the two products, and included no allegation that any of the remaining accused products functioned similarly to the lone described product.  *Id*. at *10-11.  Finally, with regard to the lone described product, the plaintiff had failed to make any allegation at all with regard to certain elements.  *Id*. at *12.  The Court granted the motion to dismiss, but even then permitted the plaintiff leave to amend.  *Id*. at *13.  The present Complaint, on the other hand, ***specifically*** identifies the infringed claim, ***specifically*** identifies the accused products, and ***specifically*** alleges that "Glidewell performs the steps […] as claimed in [said claim]."

1

2

*CG Tech. Dev., LLC v. FanDuel, Inc.*

3

4

*CG Tech* is distinguishable as well.  In addition to being at odds with the

Federal Circuit's authority in *Nalco* stating that a plaintiff is "***not*** require[d] … to

5

plead facts establishing that each element of an asserted claim is met,'" 883 F. 3d at

6

1350 (quoting *In re Bill of* Lading, 681 F.3d 1335), the district court in *CG Tech*

7

noted that the plaintiffs' complaint "d[id] not contain allegations that the Accused

8

[products] contain each limitation of [the asserted claims of the six asserted patents],"

9

adding that the plaintiffs "have not addressed each element of [the asserted claim]"

10

or has "ma[de] no allegations as to [certain elements]."  *CG Tech.*, 2016 U.S. Dist.

11

LEXIS 144078 at * 12-25.  CLM has, however, alleged that "Glidewell performs the

12

steps […] as claimed in claim 5," and its Complaint should not be dismissed.  *See*

13

ECF 1 at ¶5.[7]

14

*TeleSign Corp. v. Twilio, Inc.*

15

Next, Glidewell cites *TeleSign Corp. v. Twilio, Inc.*  (in addition to the already

16

distinguished *Atlas IP* and *Novitaz*) to argue that CLM's Complaint should be

17

dismissed for failing to allege that Glidewell meets certain claim limitations.  ECF

18

33 at 12.  Glidewell notes in a parenthetical that *Telesign Corp.* "dismiss[ed a]

19

complaint because the plaintiff did not plausibly allege that a defendant's product

20

practiced all elements of at least one claim." *Id*.  That is true.  "For each element of

21

claim one, [Telesign] allege[d] that ***some*** product produced by Defendant

22

perform[ed] that element.  But [Telesign did] not plausibly allege that any ***one***

23

product produced by [the defendant] perform[ed] ***all*** elements.  Nor [did Telesign]

24

plausibly allege that the multiple products tied to the various claim elements [were]

25

used conjunctively to infringe." *TeleSign Corp.*, 2016 U.S. Dist. LEXIS 123516, at

26

*8 (emphasis added).  Thus, Telesign had not alleged that ***any*** product practiced all

27

---

28

[7] And the *CG Tech* complaint, like that in *Novitaz*, was dismissed ***with*** leave to amend.  *CG Tech.*, 2016 U.S. Dist. LEXIS 144078 at *27.

elements of **any** claim.  CLM, on the other hand, **has** alleged that specifically identified products infringe all elements of a specifically identified claim.  *See, e.g.*, ECF 1 at ¶¶14-17.

At the end of the day, *Telesign Corp.* does stand for the propositions that (1) "a plaintiff must offer sufficient specificity to put the defendant on notice of which products are at issue," and (2) "a plaintiff must still plausibly allege that a defendant's product or products practice all elements of at least one patent claim."  *TeleSign Corp.*, 2016 U.S. Dist. LEXIS 123516, at *6, 9.  As explained throughout this Response, CLM has certainly done so.

Thus, as a result, all of the cases relied upon by Glidewell to substantively argue the alleged insufficiency of CLM's Complaint are distinguishable.

## B.   Injecting Claim Construction into a Motion to Dismiss Analysis Is Inappropriate.

As explained above, CLM meets the pleading standard when it alleges simply that "Glidewell performs the steps […] as claimed in claim 5."  ECF 1 at ¶15.  Yet, Glidewell repeatedly bemoans the alleged failure of the Complaint to address what Glidewell deems "critical claim elements."  *See, e.g.*, ECF 33 at 10 ("Plaintiff's allegations fail to address critical elements of the limitations."), 14 ("[T]he Complaint fails to plead factual allegations addressing this critical claim element.").  In fact, Glidewell goes so far as to emphasize these elements when reproducing the language of the claim.  *Id*. at 6-7.  It should come as no surprise to the parties or this Court if many (if not all) of these terms appear when the parties exchange proposed terms for claim construction.  Terms such as "bottom-end-down" and "radially extending anchoring extension" are likely to be argued.  But to permit Glidewell to construe them in its favor here, at the pleadings stage, so as to support arguments such as "[CLM] cannot make the allegations in good faith," ECF 33 at 12 n.4, or "[CLM] cannot plausibly allege that Glidewell meets this claim limitation in an amended

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

complaint," *id*. at 15, is unfair, and precisely why courts counsel against conducting claim construction at this stage.

In *Nalco*, the Federal Circuit rejected the lower court's informal claim construction as premature at the pleading stage. *See* 883 F. 3d at 1350. The Court noted that "Defendants' arguments boil down to objections to Nalco's proposed claim construction for 'flue gas,' a dispute not suitable for resolution on a motion to dismiss." *Id.* at 1349. "Defendants' objections to this theory of infringement read like classic *Markman* arguments." *Id*. Although claim construction is an issue of law, the *Nalco* Court held that claim construction is not the type of legal question that should normally be resolved on the pleadings without the due consideration given in the *Markman* process. *See id.* at 1350. And this very Court agrees with such an approach. *See DexCom, Inc. v. AgaMatrix, Inc.*, No. cv 16-05947, 2016 U.S. Dist. LEXIS 193464, at *11 (C.D. Cal. Nov. 28, 2016) (quoting *MacNeill Eng'g Co. v. Trisport, Ltd*., 126 F. Supp. 2d 51, 54 (D. Mass. 2001) ("The Court finds [defendant's] reliance on claim construction arguments in support of its motion to dismiss to be inappropriate, as 'the best time to hold the *Markman* hearing is at the summary judgment stage of the litigation – at or near the close of discovery.'").

Reserving all rights to modify these positions based on Glidewell's election of proposed claim terms, its later-proposed constructions, and/or this Court's claim construction rulings, CLM offers the following to illustrate the difference in the parties' current positions.

1.      *"bottom-end-down"*

Glidewell's Motion suggests the disparity in the parties' beliefs regarding the sufficiency of the Complaint are rooted in the parties' differing interpretations of the phrase "bottom-end-down." Glidewell appears to be construing that term to mean, "with the bottom end oriented towards the ground." On the other hand, CLM interprets the limitation to mean simply that the end with the extension(s) is oriented

*away* from the "dental crown casting mold" (e.g., the alginate). Through the lens of CLM's interpretation, the limitations are sufficiently pled in paragraphs 15-19 of the Complaint.[8] At a minimum, CLM has plead sufficient factual matter to state a claim that is plausible on its face, and to put Glidewell on notice of what activity is being accused of infringement.

### 2. *"radially extending anchoring extension"*

CLM also disagrees with Glidewell regarding the "radially extending anchoring extension" limitation. The simplest way to explain CLM's position would be to point out that the "recesses" identified by Glidewell aid in defining the contours of the "extensions" identified by CLM. Put another way, the outward non-uniform protrusions at the top and bottom of Glidewell's "recesses" serve as the "anchoring extensions."

Glidewell's argument that that "the patent distinguishes the invention's analogs using radially extending anchoring extensions from the prior art analogs that included recesses in the analog," ECF 33 at 17 (citing the '927 patent, Figure 9), also misses this distinction. The difference between Figure 9 and the products accused is that the analog of the former, despite being stepped, is uniformly cylindrical. Thus, there is no "anchoring," so to speak. That is, this analog demonstrates no increased resistance to applied torque. It is the irregularity of the extensions in the accused products that adds this resistance, and avails itself of the benefits of the patented method. Once again, considering the plausible position CLM has set forth, the limitations are sufficiently pled in paragraphs 15-19 of the Complaint.

CLM has plead sufficient factual matter to state a claim that is plausible on its face, and to put Glidewell on notice of what activity is being accused of infringement.

---

[8] To the extent this Court wishes to address Glidewell's inappropriate claim construction arguments, it is worth noting that "[i]f there are two alternative plausible explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6)." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Glidewell's blatant attempt to improperly lure this Court into performing a full-blown claim construction analysis on a Rule 12 motion under the guise of "plausibility" should be rejected.

## IV.   CONCLUSION

Recent controlling Federal Circuit authority clearly illustrates the plausibility standard of *Iqbal/Twombly* as applied to patent infringement complaints. The disclosures and allegations in CLM's Complaint provide fair notice of, and a plausible claim for, infringement of the patent-in-suit. Defendants' attempts to raise the bar at the pleading stage, inject self-serving claim constructions arguments, and require CLM to *prove*, rather than *plead,* its case should be rejected.

For the reasons stated herein, Defendants' motion should be denied. In the event this Court finds otherwise, CLM respectfully requests that this Court do so without prejudice and provide CLM leave to amend.

Dated:  June 1, 2018                    Respectfully submitted,

                                        */s/ Anthony Vecchione*
                                        Anthony Vecchione (Admitted *pro hac vice*)
                                        anthony@nbafirm.com
                                        Edward R. Nelson III (Admitted *pro hac vice*)
                                        ed@nbafirm.com
                                        Eric M. Albritton (Admitted *pro hac vice*)
                                        ema@nbafirm.com
                                        Clifford Chad Henson (Admitted *pro hac vice*)
                                        chad@nbafirm.com
                                        **NELSON BUMGARDNER ALBRITTON PC**
                                        3131 West 7th Street, Suite 300
                                        Fort Worth, Texas 76107
                                        Telephone: 817.377.9111
                                        Facsimile: 817.377.3485

                                        Timothy E. Grochocinski (Admitted *pro hac vice*)
                                        tim@nbafirm.com
                                        Joseph P. Oldaker (Admitted *pro hac vice*)
                                        joseph@nbafirm.com
                                        **NELSON BUMGARDNER ALBRITTON PC**
                                        15020 S. Ravinia Avenue, Suite 29
                                        Orland Park, Illinois 60462
                                        Telephone: 708.675.1975
                                        Facsimile: 708.675.1786

                                        Brandon C. Fernald (SBN 222429)
                                        brandon@fernaldlawgroup.com
                                        **FERNALD LAW GROUP**
                                        510 West Sixth Street, Suite 700
                                        Los Angeles, California 90014
                                        Telephone: 323.410.0320
                                        Facsimile: 323.410.0330

                                        **Attorneys for Plaintiff**
                                        **CLM Analogs, LLC**

- 15 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

*/s/ Anthony Vecchione*