___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:18-cv-00311-JLS-SS                                               Date: June 19, 2018
Title:  *CLM Analogs, LLC v. James R. Glidewell Dental Ceramics, Inc. et al.*

Present:  **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:   (IN CHAMBERS) ORDER DENYING DEFENDANTS'
                              MOTION TO DISMISS (Doc. 33)**

Before the Court is a Motion to Dismiss filed by Defendants' James R. Glidewell Dental Ceramics, Inc. and Prismatik DentalCraft, Inc.  (MTD, Doc. 33.)  Plaintiff CLM Analogs, LLC opposed and Defendants replied.  (Opp., Doc. 42; Reply, Doc. 43.)  The Court finds this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  Accordingly, the hearing set for June 22, 2018, at 2:30 p.m., is VACATED.  For the following reasons, the Court DENIES Defendants' Motion.

**I.    BACKGROUND**

Plaintiff is the owner by assignment of U.S. Patent No. 7,281,927 (the " '927 Patent") entitled "Stable Dental Analog," which asserts methods related to preparing dental crowns.  (Compl. ¶ 11, Doc. 1; '927 Patent, Ex. A to Compl., Doc. 1-1.)

The '927 Patent explains the use of dental implants in the treatment of patients with a missing tooth.  ('927 Patent at 1.)  First, the dentist places an implant into the patient's jaw bone and secures it with screws.  (*Id.*)  The top end of the implant, *i.e.* the end near the gum surface, is constructed for the attachment of a prosthesis, or a "crown," which will look like a regular tooth once inside the patient's mouth.  Accordingly, the

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  8:18-cv-00311-JLS-SS | Date: June 19, 2018 |
| Title:  *CLM Analogs, LLC v. James R. Glidewell Dental Ceramics, Inc. et al.* | |

protruding end of the implant requires a non-round shape[1] so that the crown, which has a corresponding shape in its base, will not rotate and destroy the implant.  (*Id.*)  In order to prevent such rotation, the contours of both the protruding end of the implant and the base of the crown must align perfectly.  (*Id.* at 2.)

Once the implant is placed in the patient's jaw, the dentist will cover the implant with a removable "coping," take an impression of the patient's mouth with the coping in place, and send the impression to a dental lab.  (*Id.* at 4.)  Using the impression sent by the dentist, the dental lab creates a model replica of the patient's mouth, usually out of gypsum.  (*Id.*)  The gypsum replica has a gap at the location of the coping impression corresponding to the location of the implant in the patient's mouth.  (*Id.*)  The dental lab will insert into this gap an "analog," which is a replica of the implant, and secure it with a guide screw.  (*Id.* at 5.)  Using the analog as secured in the replica, the dental lab then begins construction of the crown so that its base attaches accurately to the contours of the analog.  (*Id.*)

According to the '927 Patent, prior art analogs are too small, too smooth, and remove from the gypsum model too easily.  (*Id.*)  Therefore, they tend to rotate during construction of the crown, which results in a crown that does not fit accurately to the implant in the patient's mouth.  (*Id.*)

The invention contained in the '927 Patent attempts to solve these problems.  The method asserted in Claim 5, the only claim relevant here, comprises the following elements:

> a. preparing an analog dental crown mounting post, which is a replica of an upper portion of a mounting post already or to be mounted in a mouth of a user, said analog dental crown mounting post having a downwardly extending elongated member with at least one radially extending anchoring extension disposed near a bottom end of said elongated member, said at least one extension extending outward from said elongated member;

___

[1] Some implants have a separate "abutment" affixed to their top end to which the crown attaches.  ('927 Patent at 1.)  The abutment, when used, also has a non-round shape to which the crown will attach.  (*Id.*)

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  8:18-cv-00311-JLS-SS | Date: June 19, 2018 |
| Title: *CLM Analogs, LLC v. James R. Glidewell Dental Ceramics, Inc. et al.* | |

      b. inserting bottom-end-down said elongated member into a dental crown casting mold;

      c. securing said elongated member temporarily in place within said casting mold;

      d. adding settable plaster molding material to said casting mold so as to embed said bottom of said elongated member with extensions by surrounding said bottom end of said elongated member with plaster molding material;

      e. allowing said plaster molding material to set and harden with said elongated member and extensions embedded within said molding material; and

      f. utilizing said analog dental crown firmly anchored and secured to make a dental crown.

(*See* '927 Patent at 9.)

    On February 22, 2018, Plaintiff filed the instant action against Defendants. The Complaint alleges a single cause of action for infringement of Claim 5 of the '927 Patent under 35 U.S.C. § 271. (Compl. ¶¶ 8–31.) Specifically, the Complaint alleges that Defendants "perform the steps of preparing an analog dental crown mounting post, inserting it into a dental crown casting mold, securing it in place, adding settable plaster molding material to the casting mold, allowing the material to set and harden, and utilizing it to make a dental crown, as claimed in claim 5." (*Id.* ¶ 15.) The Complaint then identifies by name and product number three allegedly infringing analogs and their corresponding "systems" of implantation: (1) Inclusive Mini Implant Replicas/System; (2) Inclusive Tapered Implant Analogs/System; and the (3) Hahn Tapered Implant Analogs/System. (*Id.* ¶ 17.) It also incorporates by reference Defendant Glidewell's Surgical Manual, which includes photos of the Mini Implant Replicas, and the product catalogs for the Inclusive Tapered and Hahn Tapered analogs.[2] (*Id*.; Surgical Manual,

---

[2] The Court may take judicial notice of the Surgical Manual and the product catalogs because the Complaint references and relies on these materials and neither party questions their authenticity. *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

___

**CIVIL MINUTES – GENERAL**          3

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  8:18-cv-00311-JLS-SS | Date: June 19, 2018 |

Title:  *CLM Analogs, LLC v. James R. Glidewell Dental Ceramics, Inc. et al.*

Ex. A to King Decl., Doc. 33-2; Inclusive Tapered Product Catalog, Ex. B to King Decl., Doc. 33-3; Hahn Tapered Product Catalog, Ex. C to King Decl., Doc. 33-4.)

On April 20, 2018, Defendants filed the instant Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (MTD.)

## II.   LEGAL STANDARD

A complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Because this is a patent dispute, Federal Circuit law governs "substantive and procedural issues intimately involved in the substance of enforcement of the patent right."  *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006).

"Since December 1, 2015, allegations of direct infringement are now subject to the pleading standards established by *Twombly* and *Iqbal*, which require plaintiffs to demonstrate a 'plausible claim for relief.'" *DexCom, Inc. v. AgaMatrix, Inc.*, No. CV-16-05947-SJO (ASx), 2016 WL 9450069, at *2 (C.D. Cal. Nov. 28, 2016).  *See also Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1141 (Fed. Cir. 2018).  "This plausibility standard is met when 'the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the ground upon which it rests.'"  *Id.*  (*citing Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

In patent infringement cases, "the Federal Circuit has held that a party claiming patent infringement needs only to: (1) allege ownership of the asserted patent; (2) name each individual defendant; (3) cite the patent that is allegedly infringed; (4) describe the means by which the defendants allegedly infringe; and (5) point to the specific sections of the patent law invoked." *Agarwal v. Topgolf Int'l, Inc.*, No. 8:16-CV-2641-T-33JSS, 2017 WL 40804, at *2 (M.D. Fla. Jan. 4, 2017).  However, "a complaint does not have to 'describe precisely how each element of the asserted claims are being practiced' or 'even identify which claims it asserts are being infringed.'" *Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d 768, 774 (N.D. Ill. 2016), *aff'd sub nom. Atlas IP, LLC v. Commonwealth*

___

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:18-cv-00311-JLS-SS                                        Date: June 19, 2018
Title:  *CLM Analogs, LLC v. James R. Glidewell Dental Ceramics, Inc. et al.*

*Edison Co.*, 686 F. App'x 921 (Fed. Cir. 2017).   *See also Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (noting that a plaintiff is "not require[d] … to plead facts establishing that each element of an asserted claim is met").

Because determining plausibility is a "context-specific task" that requires the Court "to draw on its judicial experience and common sense, … there may be instances where more generalized factual allegations may still be enough for the Court to infer that it is 'plausible' that every element of a patent claim is satisfied by an accused product." *Novitaz, Inc. v. inMarket Media*, LLC, No. 16-CV-06795-EJD, 2017 WL 2311407, at *3 (N.D. Cal. May 26, 2017).

### III.   ANALYSIS

Defendants argue that the Complaint should be dismissed under Rule 12(b)(6) because Plaintiff has failed to plead facts plausibly alleging that Defendants meet each element of Claim 5.  (Mem. at 10–18, Doc. 33.)  Plaintiff argues that the Complaint satisfies the pleading standard by identifying the names and product numbers of the accused products and by "alleg[ing] simply that 'Glidewell performs the steps [ … ] as claimed in claim 5.'"  (Opp. at 11 (*citing* Compl. ¶ 15).)

Recently, the Federal Circuit in *Disc Disease Solutions* reversed a Rule 12(b)(6) dismissal where the plaintiff identified by name and photograph three accused products and alleged that those products "meet each and every element of at least one claim" of its asserted patents.  *Disc Disease Sols. Inc.*, 888 F.3d at 1260.  The court found that these allegations were sufficiently plausible in light of the "simple technology" at issue.  *Id.*  A few weeks later, in an unpublished opinion, the Federal Circuit affirmed a dismissal where the complaint failed to "sufficiently identify, for example, by photograph or name, any of the particular machines that allegedly infringe other than by broad functional language."  *Artrip v. Ball Corp.*, No. 2018-1277, 2018 WL 2329742, at *5 (Fed. Cir. May 23, 2018).

The circumstances in this case are very similar to those presented in *Disc Disease Solutions*, 888 F.3d at 1260.  The claimed method is relatively "simple," Plaintiff has identified the accused products with particularity, and the Complaint alleges that each step in the claim at issue is satisfied.  (Compl. ¶¶ 15, 17.)  Accordingly, the Court finds

_____
**CIVIL MINUTES – GENERAL**                                                              5

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  8:18-cv-00311-JLS-SS | Date: June 19, 2018 |
| Title:  *CLM Analogs, LLC v. James R. Glidewell Dental Ceramics, Inc. et al.* | |

that the allegations in the Complaint are sufficient to put Defendants "on notice as to what [they] must defend."  *Artrip*, 2018 WL 2329742, at *5; *cf. Horowitz et al. v. Chen et al.*, SACV-17-00432 AG (JCGx), Doc. 85 at 5 (C.D. Cal. May 14, 2018) (finding the pleadings insufficient where the plaintiff failed to identify any accused products or particular theory of infringement).

The district court decisions cited by Defendants in support of their Motion do not counsel a different result.  (*See* Mem. at 10–13.)  Not only is each one distinguishable on its facts, [3] but they all pre-date the Federal Circuit's guidance in *Disc Disease Solutions*, 888 F.3d at 1260.

Therefore, the Court concludes that the allegations contained in the Complaint are both sufficiently plausible and "provide [Defendants] with fair notice of infringement" of the asserted claim.  *Id.*.

Separately, Defendants argue that two of the accused products, namely the Inclusive Tapered and Hahn Tapered analogs, cannot plausibly satisfy element (a) of Claim 5 because they have "tapered *recesses*," not "radially extending anchoring extension[s]."  (Mem. at 15–16 (emphasis in original).)  Plaintiff argues that the question of whether the "tapered recesses" satisfy element (a) should be addressed at claim construction, where it will urge a construction of "anchoring extension" that is broad enough to include these features.  (Opp. at 11–13.)

Claim construction arguments are "not suitable for resolution on a motion to dismiss."  *Nalco*, 883 F.3d at 1349; *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1343 n.13 (Fed. Cir. 2012).  This is because claim

___

[3] Specifically, the cases cited by Defendants involved significantly more complicated patents than the one at issue here, thus requiring more specific factual allegations to allow an inference of plausibility.  *See CG Tech. Dev., LLC v. Fanduel, Inc.*, No. 216-CV-00801-RCJ (VCF), 2016 WL 6089693, at *4–*9 (D. Nev. Oct. 18, 2016); *Atlas IP*, 189 F. Supp. 3d at 776–77.  Moreover, the allegations in those cases suffered from deficiencies that are not present in the instant case. *See, e.g.*, *Atlas IP*, 189 F. Supp. 3d at 776–77 (finding that certain allegations flatly contradicted one of the elements of the claim at issue); *Novitaz*, 2017 WL 2311407, at *4 (finding that the complaint failed to state which claims were at issue); *TeleSign Corp. v. Twilio, Inc.*, No. CV 16-2106 PSG (SSX), 2016 WL 4703873, at *3 (C.D. Cal. Aug. 3, 2016) (finding that the plaintiff failed to allege that any single product performed all elements of the claim at issue).

___

_____

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.  8:18-cv-00311-JLS-SS                                                              Date: June 19, 2018
Title:  *CLM Analogs, LLC v. James R. Glidewell Dental Ceramics, Inc. et al.*

construction, though a legal determination, is based on "underlying findings of fact" that are grounded in the "the claim language, the specification, and the prosecution history." *Trustees of Columbia Univ. in City of New York v. Symantec Corp.*, 811 F.3d 1359, 1362 (Fed. Cir. 2016).  Some district courts have suggested that because "[c]laim construction is ultimately a question of law," *Atlas IP, LLC*, 189 F. Supp. 3d. at 774, "claim construction at the pleading stage may be appropriate, at the very least, where the Court can construe a claim term based on the claim language, the specification, and the prosecution history." *Scripps Research Inst. v. Illumina, Inc.*, No. 16-CV-661 JLS (BGS), 2017 WL 1361623, at *4 (S.D. Cal. Apr. 14, 2017).  However, in the great majority of cases, and in keeping with *Nalco*, district courts have declined to resolve at the pleading stage arguments that require a determination of whether an accused product infringes under a proper construction of a claim term.  *See, e.g., Discflo Corp. v. Am. Process Equip., Inc.*, No. 11-CV-00476 BTM RBB, 2011 WL 6888542, at *2 (S.D. Cal. Dec. 29, 2011); *Lecat's Ventriloscope v. MT Tool & Mfg.*, No. 16 C 5298, 2017 WL 1362036, at *4 (N.D. Ill. Jan. 6, 2017); *Agarwal*, 2017 WL 40804, at *3–*5; *Gestion Proche, Inc. v. Dialight Corporation*, 2017 WL 1551606, at *3 (E.D. Tex. 2017).  *See also* 6 ANNOTATED PATENT DIGEST § 39:35.50 (collecting cases).

      Here, Defendants' argument, though "couched in the language of pleading standards," is that the Inclusive Tapered and Hahn Tapered analogs do not infringe on the '927 Patent under a proper construction of the terms "anchoring extension" and "extends outward."  (*See* Mem. at 15–16.)  *Lecat's Ventriloscope*, 2017 WL 1362036, at *4.  The Court finds this argument premature because it requires the Court first to determine how to define the terms in element (a) and then to compare the accused products to those definitions.  *Discflo Corp.*, 2011 WL 6888542, at *2; *see also Lecat's Ventriloscope*, 2017 WL 1362036, at *4 ("While Defendant's argument about the correct construction of the term … may ultimately have merit, to accept Defendant's arguments would require the Court to do exactly what the Federal Circuit has cautioned against.")  Because "[t]he purpose of a motion to dismiss is to *test the sufficiency of the complaint* … ," the Court will not determine whether element (a) "should be confined to the preferred embodiment … without the benefit of claim construction." *Nalco*, 883 F.3d at 1350 (emphasis in the original).

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:18-cv-00311-JLS-SS                                         Date: June 19, 2018

Title:  *CLM Analogs, LLC v. James R. Glidewell Dental Ceramics, Inc. et al.*

## IV.   CONCLUSION

Pursuant to the foregoing, Defendants' Motion is DENIED.

Initials of Preparer:  tg